# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

MICHELE VUOLO,

    Plaintiff,

v.

MHM HEALTH PROFESSIONALS, LLC d/b/a CENTURION HEALTHCARE,

    Defendant.

CIVIL ACTION NO.

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, MHM HEALTH PROFESSIONALS, LLC ("MHMHP"),[1] by and through its undersigned attorneys and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, respectfully files this Notice of Removal giving notice it is removing this civil action to the United States District Court for the Northern District of Florida, Tallahassee, Division. In support of this Notice of Removal, Defendant states as follows:

## I.    PROCEDURAL HISTORY

1. On or about August 22, 2021, Plaintiff Michele Vuolo ("Plaintiff") filed a one-count Complaint in the Circuit Court of the Second Judicial Circuit in and for Leon County, Florida, entitled *Michele Vuolo v. MHM Health*

---

[1] MHMHP does not do business as Centurion Healthcare, and there is not an entity called "Centurion Healthcare."

*Professionals, LLC d/b/a Centurion Healthcare*, designated Case No. 2021-CA-1484 (the "State Court Action"), wherein she alleges Defendant terminated her employment in violation of the Florida Private Whistleblower Act ("FWA").

2. On October 25, 2021, Defendant was served with a Summons and Complaint by process service. A copy of the Complaint and Summons reflecting service, as well as true and legible copies of all other papers on file in the State Court Action are attached hereto as **Exhibit A.**

3. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), within thirty-days (30) from the date on which the summons was served. No orders have been signed by the state judge presiding over the State Court Action.

4. This case is a civil action that may be removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 because it is an action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

II. **DIVERSITY OF CITIZENSHIP**

5. To qualify for diversity jurisdiction, there must be complete diversity between the parties, which means no plaintiff may be a citizen of the same state as the defendant. *See Pease v. Medtronic, Inc.*, 6 F. Supp. 2d 1354, 1356 (S.D. Fla. 1998) (citing *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353 (11th Cir. 1996),

overruled on other grounds by *Cohen v. Office Depot*, 204 F.3d 1069 (11th Cir. 2000)).

6. In the Complaint, Plaintiff indicates she resides in Florida. *See* Compl. ¶ 3. Plaintiff worked for MHMHP at the Jackson Correctional Institution in Malone (Jackson County), Florida starting in approximately December 2018, and her address on file with MHMHP is in Panama City (Bay County), Florida. *See* Declaration of Carla Hanks attached as **Exhibit B**, ¶¶ 4-5.

7. Plaintiff owns homestead property and pays property taxes on real estate in Panama City (Bay County), Florida. *See* Ex. C.[2]

8. Plaintiff also has a drivers' license in Florida, has vehicles registered in Florida, is registered to vote in Florida, holds a Florida registered nursing license, and holds a Florida advanced registered nurse practitioner license. *See* Ex. D.[3]

9. Thus, Plaintiff is a citizen of the State of Florida for purposes of 28 U.S.C. § 1332, as her "domicile" or the "place of [her] true, fixed, and permanent home and principal establishment . . . to which [she] has the intention of returning whenever [she] is absent therefrom" is Florida. *McCormick v. Aderholt*, 293 F.3d

---

[2] Property and tax records for Plaintiff are attached as **Exhibit C**.

[3] Defendant's counsel conducted a background search utilizing LexisNexis, excerpts of which are attached as **Exhibit D**. This background check reveals Plaintiff has vehicles registered in her name using her address in Bay County, Florida, her current drivers' license is in Florida, she is registered to vote in Florida, and she has held an Advanced Registered Nurse Practitioner license in Florida since 2018 and a Registered Nurse license in Florida since 2012. *See* Ex. D.

1254, 1257-58 (11th Cir. 2002) (finding plaintiff was a citizen of Florida for the purpose of diversity jurisdiction when plaintiff owned property in Florida, was an owner of a business in Florida, paid income taxes in Florida, had a driver's license in Florida, and was registered to vote in Florida); *see also Mock v. UnitedHealthcare Ins. Co.*, 2017 WL 7731956 at *1 (M.D. Fla. Feb. 1, 2017).

10.　Pursuant to 28 U.S.C. § 1332, "a limited liability company is a citizen of any state in which a member of the company is a citizen." *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).

11.　Defendant MHMHP, which employed Plaintiff, is a Delaware limited liability company with its principal place of business in Virginia. *See* Ex. B, ¶ 8.

12.　MHMHP's sole member is MHM Services, Inc., a Delaware corporation with its principal place of business in Virginia. *See* Ex. B, ¶¶ 9-10.

13.　Accordingly, for the purposes of 28 U.S.C. § 1332(a)(1), diversity jurisdiction exists between Plaintiff, a citizen of Florida, and Defendant MHMHP, a citizen of Delaware and Virginia, at the time of filing this Notice of Removal.

## III.　AMOUNT IN CONTROVERSY

14.　Pursuant to 28 U.S.C. § 1332(a)(1), diversity jurisdiction also requires the amount in controversy to "exceed the sum or value of $75,000.00."

15.　Plaintiff's Complaint alleges damages exceeding $30,000.00,

exclusive of interest, costs, and attorneys' fees. *See* Compl., ¶ 2. Where the initial pleading does not demand a specific sum, the notice of removal may assert the amount in controversy. 28 U.S.C. § 1446(c)(2)(A). The Supreme Court has held a removing defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" and need not submit evidence in support thereof. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

16. In assessing the amount in controversy, the Court considers the value of the plaintiff's claims by estimating the amounts that "will be put at issue during the litigation," and *not* how much plaintiff is ultimately likely to recover. *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014); *see also Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010) (citation omitted) (explaining that "the plaintiffs' likelihood of success on the merits is largely irrelevant to the court's jurisdiction because the pertinent question is what is in controversy in the case, not how much the plaintiffs are ultimately likely to recover"). In conducting its analysis, the Court may rely upon its "judicial experience and common sense," rather than a plaintiff's self-serving representations that the value of his claims is indeterminate. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1064 (11th Cir. 2010).

17. A plain reading of Plaintiff's Complaint - together with the

5

jurisdictional allegations herein - demonstrates the amount in controversy exceeds the sum of $75,000.00, and thus, meets the jurisdictional amount required for removal based on diversity. *See* 28 U.S.C. § 1332(a).

18. Specifically, Plaintiff alleges she held the position of "APRN/Site Medical Provider" at the time of her wrongful termination. (Compl., ¶ 6.)[4]

19. Plaintiff seeks "damages," including "lost wages and other tangible and intangible damages and every other kind of damage allowed by law." (Compl., ¶ 40.) She further seeks "all legally-available general and compensatory damages and economic losses to Plaintiff from Defendant," "all legally-available damages for emotional pain and suffering," attorney's fees and costs. (Compl., Prayer for Relief.)

20. As to lost wages, back pay should be calculated from the time of the alleged adverse employment action through the date of trial. *E.g., Pope v. 20/20 Commc'ns, Inc.*, No. 8:15-cv-1774-30JSS, 2015 WL 5165223, at *2 (M.D. Fla. Sept. 2, 2015) (back-pay damages calculated through proposed date of trial); *Hendry v. Tampa Ship, LLC*, No. 8:10-cv-1849-T-30-30TGW, 2011 WL 398042, *2 (M.D. Fla. Feb. 4, 2011) ("Back pay is generally calculated from the date of the adverse employment action to the date of judgment."); *Morgan v. Sears, Roebuck & Co.*, No. 12-60055-CIV, 2012 WL 2523692, at *2 (S.D. Fla. June 29, 2012)

---

[4] Plaintiff worked as an Advanced Registered Nurse Practitioner ("ARNP"). *See* Ex. B, ¶ 6.

(calculating back pack from time of termination through expected trial date, noting that court may use its "judicial experience and common sense" in making that determination); *Penalver v. N. Elec., Inc.*, No. 12-80188-CIV, 2012 WL 1317621, at *3 (S.D. Fla. Apr. 17, 2012) (calculating back pay through the "first possible trial date" approximately ten months after removal); *Messina v. Chanel, Inc.*, No. 10-24518-CIV, 2011 WL 2610521, at *2 (S.D. Fla. July 1, 2011) (including back pay through estimated time of trial eighteen months in the future). Indeed, the Eleventh Circuit has approved calculating back pay through the estimated time of trial for purposes of the amount in controversy. *See Wineberger v. Racetrac Petroleum, Inc.*, No. 5:14-cv-653-Oc-30PRL, 2015 WL 225760, at *3 (M.D. Fla. Jan. 16, 2015) (calculating back pay from termination through estimated trial date of twenty-four months after complaint was filed, along with front pay of one year), *aff'd by Wineberger v. RaceTrac Petroleum, Inc.*, 672 F. Appx. 914, 917 (11th Cir. 2016) (approving same).

21. At the time Plaintiff's employment ended on June 19, 2020, Plaintiff's annual salary was $100,000. *See* Ex. B, ¶¶ 4, 7.

22. Accordingly, Plaintiff's back pay as of the date of removal is, at a minimum, approximately $150,000, not including the value of benefits.[5] Adding an additional year of back pay to account for the expected time between now and

---

[5] Plaintiff's current back pay alone satisfies the amount in controversy requirement for diversity jurisdiction.

trial results in a potential back pay figure well over $200,000.

23. Although front pay, compensatory damages, and attorneys' fees all can be considered to determine amount in controversy for diversity jurisdiction, this Court need not undergo this analysis as the amount in controversy threshold is satisfied solely by Plaintiff's potential back pay through the date of removal.

24. In the event this Court wishes to evaluate these available damages, however, such damages further demonstrate the requisite amount in controversy has been met.[6]

25. Because the amount in controversy clearly exceeds $75,000.00, exclusive of interest and costs, and the action is between citizens of different states, the District Court has original jurisdiction over Plaintiff's claims under 28 U.S.C. § 1332(a). Thus, this case may be removed to this Court by Defendant pursuant to 28 U.S.C. §§ 1441 and 1446.

## IV. NOTICE AND TIMELINESS

26. Finally, this Notice of Removal has been given to Plaintiff and has been filed with the Clerk of the Circuit Court of the Second Judicial Circuit in and

---

[6] Courts may consider potential front pay, compensatory, and punitive damages as well as attorneys' fees (all of which Plaintiff seeks to recover) to determine whether the amount in controversy has been met to support diversity jurisdiction. *See* Compl. ¶35; s*ee also Wineberger*, 672 F. App'x at 917 (approving inclusion of front pay in amount in controversy calculation under FCRA); *Awad v. Cici Enterprises*, 2006 U.S. Dist. LEXIS 71998, at *3-4 (M.D. Fla. Oct. 3, 2006)(compensatory and punitive damages and attorneys' fees included in amount in controversy in diversity cases); *Penalver v. N. Elec., Inc.*, No. 12-80188-CIV, 2012 WL 1317621 (S.D. Fla. Apr. 17, 2012) (including reasonable attorney's fees in amount of controversy calculation); *Brown*, 2005 WL 1126670, at *5 ("[w]hen determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered . . . unless it is apparent to a legal certainty that such cannot be recovered.")

8

for Leon County, within thirty days of the date service was deemed effected and is therefore timely according to 28 U.S.C. § 1446. *See Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999). A copy of the Notice of Filing Notice of Removal is attached hereto as **Exhibit E.**

27. The required filing fee of $400.00 and an executed civil cover sheet accompany this Notice.

WHEREFORE, Defendant respectfully removes this action, pending in the Second Judicial Circuit Court of Leon County, Florida to the United States District Court in the Northern District Court of Florida, Tallahassee Division.

Dated: November 23, 2021

Respectfully submitted,

*/s/ Kimberly J. Doud*
Kimberly J. Doud, Bar No. 0523771
kdoud@littler.com
Natalie J. Storch, Bar No. 0269920
njstorch@littler.com
LITTLER MENDELSON P.C.
111 North Orange Avenue, Suite 1750
Orlando, FL 32801-2366
Telephone:   407.393.2900
Facsimile:   407.393.2929

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of November, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and a correct copy of the foregoing has been furnished electronic mail to:. Marie A. Mattox, Esquire, Marie A. Mattox, PA, 203 North Gadsden Street,

Tallahassee, FL 32301 – email: marie@mattoxlaw.com; marlene@mattoxlaw.com and michelle@mattoxlaw.com.

                                              */s/ Kimberly J. Doud*
                                              Kimberly J. Doud

4895-4361-1652.1 / 615000-6865

10