# EXHIBIT "A"

# RETURN OF SERVICE

CASE #2021-CA- ~~000112~~ **001484**

10/25/2021

PLAINTIFF
**MICHELE VUOLO**
VS
DEFENDANT
**MHM HEALTH PROFESSIONALS, LLC D/B/A CENTURION HEALTHCARE**

ATTORNEY: MARIE A. MATTOX ESQ
FIRM: MARIE A. MATTOX, P.A.

TO: **MHM HEALTH PROFESSIONALS, LLC D/B/A CENTURION HEALTHCARE**
**C/O  CT CORPORATION SYSTEM**
**1200 SOUTH PINE ISLAND ROAD**
**PLANTATION  FL  33324**

We, received this: **SUMMONS / UNIFORM ORDER FOR ACTIVE, DIFFERENTIAL CIVIL CASE
MANAGEMENT / COMPLAINT** On: 10/25/2021   At: 7:24 AM

This process was served to the above named Corporation/Sole Proprietorship or Individual
named, by delivering a true copy of the: **SUMMONS / UNIFORM ORDER FOR ACTIVE,
DIFFERENTIAL CIVIL CASE MANAGEMENT / COMPLAINT**

Type of service is:   **CORPORATE**
Accepted By: **CT CORPORATION SYSTEM (CONTACT DONNA MOCH)**  Title:  **MANAGER**
On: 10/25/2021   At: 12:00 PM
Comments:

Affiant states upon information and belief that said person is not in the Military Service of the
United States as the term defined in either the state or Federal Statues.

I certify that I am of legal age, I have no interest in the above action and I am authorized to serve
this process. FS 92.525. Under penalities of perjury, I declare that I have read the forgoing
(Document) and that the facts in it are true.

MARLON MCKIE
SPECIAL PROCESS SERVER # 1369
BROWARD COUNTY, FLORIDA

PROCESS AND RECOVERY SERVICES, INC
3603 MONMOUTH CT.
TALLAHASSEE FL 32308

Our Control # **22870**

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN AND
FOR LEON COUNTY, FLORIDA

**MICHELE VUOLO,**

      **Plaintiff,**

v.

**MHM HEALTH PROFESSIONALS,
LLC d/b/a CENTURION
HEALTHCARE,**

      **Defendant.**

_____/

**CASE NO.: 21-CA-**   2021 CA 001484
**FLA BAR NO.: 0739685**

## COMPLAINT

Plaintiff, MICHELE VUOLO, hereby sues Defendant, MHM HEALTH
PROFESSIONALS, LLC d/b/a CETURION HEALTHCARE, and alleges:

### NATURE OF THE ACTION

1.    This is an action brought under Chapter 448, Florida Statutes.

2.    This action involves claims which are, individually, in excess of Thirty Thousand
Dollars ($30,000.00), exclusive of costs and interest.

### THE PARTIES

3.    At all times pertinent hereto, Plaintiff, MICHELE VUOLO has been a resident of
the State of Florida and was employed by Defendant. Plaintiff is a protected whistleblower due to
her objecting to and/or refusing to participate in practices of Defendant that were in actual or
suspected violation of one or more laws, rules or regulations. Plaintiff was retaliated against after
reporting Defendant's unlawful employment practices.

4.    At all times pertinent hereto, Defendant, MHM HEALTH PROFESSIONALS,
LLC d/b/a CETURION HEALTHCARE, has been organized and existing under the laws of the

State of Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above. Defendant was Plaintiff's employer as it relates to these claims.

## CONDITIONS PRECEDENT

5.      Plaintiff has satisfied all conditions precedent to bringing this action, if any.  This action is timely filed thereafter.

## STATEMENT OF THE ULTIMATE FACTS

6.      Plaintiff, a protected whistleblower, began her employment with Defendant on or about December 11, 2018 and held the position of APRN/Site Medical Provider at the time of her wrongful termination on June 18, 2020.

7.      Despite her stellar work performance during her employment with Defendant, Plaintiff has been subjected to disparate treatment, different terms and conditions of employment, and was held to a different standard because she reported Defendant's unlawful employment activities and was subject to retaliation prior to and thereafter.

8.      The disparate treatment and retaliation came at the hands of specifically but not limited to HSA Jason Scott and Regional Director Krystal Ake.

9.      Plaintiff's work performance with Defendant was phenomenal and, prior to her termination, she had secured a promotion to APRN/Site Medical Provider, a job which required she oversee the medical care of over two-thousand inmates and remain on-call 24/7.

10.      On or around March, 2020, Plaintiff had been doing her due diligence and looked at a picture of the patient to confirm that she had been on hormone replacement therapy before incarceration. Plaintiff had to verify the patient's sexual identity in order to protect the patient from rape in the male prison and to determine if the patient was HIV positive.

2

11.     On or around March, 2020, Plaintiff emailed Defendant saying she had a transgender patient being threated with prison rape and said if something happened there would probably be problems. Specifically, but without limitation, Plaintiff was concerned about violations of the Prison Rape Elimination Act (PREA). Plaintiff inquired through email to Dr. Hernandez as to how she should accommodate the transgender patient's needs and Dr. Hernandez never responded.

12.     When the coronavirus pandemic began, Pharmacy Technician Mullins breached protocol and brought coronavirus into the workplace. Defendant did not reprimand Mullins for breaching protocol.

13.     Shortly thereafter, Mullins entered Plaintiff's office and shouted at her to wear her mask in a threatening manner. Plaintiff told her to leave.

14.     Plaintiff reported Mullin's behavior to HSA Scott, who then threateningly reprimanded Plaintiff for breaching protocol.

15.     Furthermore, Defendant reprimanded Plaintiff for telling S. Mullins to get out of her office when S. Mullins was yelling at Plaintiff. Defendant did not reprimand Mullins for yelling at Plaintiff.

16.     Both Mullins and Scott were insubordinate to Plaintiff, who oversaw Defendant's medical unit.

17.     In or around May, 2020, Regional Nursing supervisors. including Nurse T. Thomas, came to Defendant's facility where Plaintiff was employed to conduct an audit. Nurse Thomas assessed a patient to whom Plaintiff had previously prescribed antibiotics. Under the antibiotic regimen that Plaintiff had prescribed, the patient's wound was improving. Regardless, Nurse Thomas called Dr. Hernandez and had the patient's orders changed and did not notify Plaintiff of

3

the change until after it had been made. Plaintiff subsequently cultured the wound and determined that the prescription should not have been changed and prescribed the original antibiotics again.

18.     Thomas' actions undermined Plaintiff's position and placed the patient in a more compromising position.

19.     Defendant never reprimanded Thomas.

20.     Plaintiff reported to HSA Scott and DON White that Thomas had interrupted the care Plaintiff had provided to the patient and that Thomas' actions were beneath the standard of care.

21.     On June 4, 2020, Kristal Ake, T. Thomas, and Dr. Hernandez came to Jackson CI and called Plaintiff into the conference room for a counseling session with HSA Scott in attendance.

22.     During the counseling session, Defendant attacked Plaintiff and contrived allegations that Plaintiff acted inappropriately with respect to the care of a transgender patient.

23.     Defendant asked Plaintiff if she looked at photos of the transgender inmate.

24.     In or around March, 2020, Officer White and Officer Sanders were looking at the photos as Plaintiff exited sally port and then handed the photos to Plaintiff.

25.     Plaintiff reported that she looked at the pictures of the transgender inmate to avoid a potential violation of PREA and she was able to verify that the inmate appeared to be on hormones and dressed as a woman.

26.     Furthermore, Defendant accused Plaintiff of stomping out of Scott's office when Plaintiff had gone to his office for clarification of her job duties when working for Quality Control.

27.     Krystal Ake provided Plaintiff counseling paperwork and forced Plaintiff to sign it. Plaintiff noted on the paperwork that she did not agree with the statements therein.

4

28.     On or around June 5, 2020, Plaintiff called out of work due to a personal emergency of which she notified Defendant. However, Defendant called Plaintiff twice during this period of time and Plaintiff was unable to respond to the calls.

29.     On or around June 8, 2020, Plaintiff reported that HSA Scott was having an affair with Mullins. The affair interfered with the functioning of the medical unit, so Plaintiff reported the affair to Regional Medical Director, Human Resources, and Krystal Ake.

30.     When Plaintiff returned to work on June 8, 2020, Scott called her into the office with DON White. Scott asked if she had anything to say about the disrespect and Plaintiff replied that she did not intend any disrespect. Scott then directed Plaintiff to write her response to the verbal counseling session from June 4, 2020. Scott then told Plaintiff she was suspended pending investigation and demanded Plaintiff's keys and badge. Defendant escorted Plaintiff off of the property.

31.     On or around June 19, 2020, Scott and Ake called Plaintiff and terminated her on contrived allegations that she looked at photos of an inmate and missed two phone calls in the early morning hours of June 4, 2020.

32.     Defendant did not give Plaintiff the opportunity to take a demotion, but permitted other employees to take demotions when they were accused of wrongdoing.

33.     Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay a fee for these services.  Defendant should be made to pay said fee under the laws referenced above.

## COUNT I
## PRIVATE WHISTLEBLOWER RETALIATION

34.     Paragraphs 1 through 33 are incorporated herein by reference.

35.     This is an action brought under §448.101, et seq., Florida Statutes.

36.     As set forth in greater detail above, during the course of Plaintiff's employment, Plaintiff objected to certain practices of Defendant that were in actual or suspected violation of laws, rules and/or regulations.

37.     As a result of Plaintiff' objections, Plaintiff was fired.

38.     Plaintiff was terminated because she engaged in protected behavior. Specifically, Plaintiff objected to, or refused to participate in, any activity, policy, or practice of Defendant which is in actual or suspected violation of a law, rule, or regulation and/or reported the violation and gave Defendant an opportunity to correct the problem. Instead of correcting the problem, it got worse and Plaintiff was fired for said reporting.

39.     The disclosures made by Plaintiff are protected under §448.102, Florida Statutes.

40.     As a direct and proximate cause of Plaintiff's participation in the Whistle Blowing activities identified herein, Plaintiff has been damaged, which damages include but are not limited to lost wages and other tangible and intangible damages and every other kind of damage allowed by law. Plaintiff has also suffered emotional pain and suffering damages and other intangible damages that continue to day. Plaintiff is entitled to injunctive/equitable relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

(a)     that process issue and this Court take jurisdiction over this case;

(b)     that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c)     enter judgment against Defendant and for Plaintiff awarding all legally-available general and compensatory damages and economic loss to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d)     enter judgment against Defendant and for Plaintiff awarding all legally-available damages for emotional pain and suffering to Plaintiff from Defendant for Defendant's violations of law enumerated herein.

(e)     enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(f)     enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

(g)     award Plaintiff interest where appropriate; and

(h)     grant such other further relief as being just and proper under the circumstances, including but not limited to reinstatement.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

DATED this 22nd day of August, 2021.

Respectfully submitted,

/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
203 North Gadsden Street
Tallahassee, FL 32303
Telephone:  (850) 383-4800
Facsimile:   (850) 383-4801
Marie@mattoxlaw.com
Secondary emails:
marlene@mattoxlaw.com
michelle@mattoxlaw.com
ATTORNEYS FOR PLAINTIFF

7

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

I.    **CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>SECOND</u>  JUDICIAL CIRCUIT,
IN AND FOR <u>LEON</u>  COUNTY, FLORIDA

<u>MICHELE VUOLO</u>
Plaintiff

Case # <u>2021 CA 001484</u>

Judge _____

vs.

<u>MHM HEALTH PROFESSIONALS LLC dba CENTURION HEALTHC</u>
Defendant

II.    **AMOUNT OF CLAIM**
Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☒  over $100,000.00

III.    **TYPE OF CASE**      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
      ☐ Business governance
      ☐ Business torts
      ☐ Environmental/Toxic tort
      ☐ Third party indemnification
      ☐ Construction defect
      ☐ Mass tort
      ☐ Negligent security
      ☐ Nursing home negligence
      ☐ Premises liability—commercial
      ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
      ☐ Commercial foreclosure
      ☐ Homestead residential foreclosure
      ☐ Non-homestead residential foreclosure
      ☐ Other real property actions

☐ Professional malpractice
      ☐ Malpractice—business
      ☐ Malpractice—medical
      ☐ Malpractice—other professional
☒ Other
      ☐ Antitrust/Trade regulation
      ☐ Business transactions
      ☐ Constitutional challenge—statute or ordinance
      ☐ Constitutional challenge—proposed amendment
      ☐ Corporate trusts
      ☒ Discrimination—employment or other
      ☐ Insurance claims
      ☐ Intellectual property
      ☐ Libel/Slander
      ☐ Shareholder derivative action
      ☐ Securities litigation
      ☐ Trade secrets
      ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.    REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V.    NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

  1

**VI.    IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.    IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Marie A Mattox          Fla. Bar # 739685
        Attorney or party             (Bar # if attorney)

Marie A Mattox             08/22/2021
  (type or print name)           Date



# LEON COUNTY Receipt of Transaction
## Receipt #      1588946

GWEN MARSHALL
Clerk of Court and Comptroller
LEON COUNTY, FLORIDA

**Received From:**
Marie A. Mattox
203 North Gadsden Streert
Tallahassee, FL 32301

**On Behalf Of:**

,

On: 8/27/2021  8:26:13AM
Transaction # 100852662
Cashiered by: C MCREED

| CaseNumber   2021 CA 001484 |
|---|

**Judge   J LAYNE SMITH**

**MICHELE VUOLO   *VS*   MHM HEALTH PROFESSIONALS LLC DBA CENTURION HEALTHC**

Comments:

| Fee Description | Fee | Prior Paid | Waived | Due | Paid | Balance |
|---|---|---|---|---|---|---|
| (COMP_CA) COMPLAINT | 400.00 | 0.00 | 0.00 | 400.00 | 400.00 | 0.00 |
| (SUIS) SUMMONS ISSUED | 10.00 | 0.00 | 0.00 | 10.00 | 10.00 | 0.00 |
| **Total:** | **410.00** | **0.00** | **0.00** | **410.00** | **410.00** | **0.00** |

| | | | | | | |
|---|---|---|---|---|---|---|
| **Grand Total:** | **410.00** | **0.00** | **0.00** | **410.00** | **410.00** | **0.00** |

| PAYMENTS |
|---|

| Payment Type | Reference | | Amount | Refund | Overage | Change | Net Amount |
|---|---|---|---|---|---|---|---|
| CREDIT CARD EFILE | 133157125 | OK | 410.00 | 0.00 | 0.00 | 0.00 | 410.00 |
| | | **Payments Total:** | **410.00** | **0.00** | **0.00** | **0.00** | **410.00** |

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN AND
FOR LEON COUNTY, FLORIDA

MICHELE VUOLO,

       Plaintiff,

v.

MHM HEALTH PROFESSIONALS,
LLC d/b/a CENTURION
HEALTHCARE,

       Defendant.

_____/

CASE NO.: 21-CA-   2021 CA 001484
FLA BAR NO.: 0739685

**SUMMONS**

THE STATE OF FLORIDA:

To Each Sheriff of the State:

    YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

    **MHM HEALTH PROFESSIONALS, LLC D/B/A CENTURION HEALTHCARE**
    **C/O C T CORPORATION SYSTEM – REGISTERED AGENT**
    **1200 SOUTH PINE ISLAND ROAD**
    **PLANTATION, FL 33324**

    Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.**, Plaintiff's attorney, whose address is **203 North Gadsden Street, Tallahassee, FL 32301**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

    DATED on _____, 2021.

                       CLERK OF THE CIRCUIT COURT

                       By: _____ 08/27/2021

IN THE SECOND JUDICIAL CIRCUIT IN AND FOR LEON COUNTY, FLORIDA

**MICHELE  VUOLO**

        Plaintiff

vs                                                          CASE NO.: 2021 CA 001484

  **MHM HEALTH PROFESSIONALS LLC**

        Defendant

_____/

<u>**UNIFORM ORDER FOR ACTIVE, DIFFERENTIAL CIVIL CASE MANAGEMENT**</u>

    In compliance with Florida Supreme Court directives on active, differential civil case management established in Supreme Court Administrative Order AOSC20-23, Amendment 12, and Second Judicial Circuit Administrative Order 21 - 04, all parties in the above-styled cause are bound by this Case Management Order.

    **Plaintiff shall serve this order on all parties with service of the original complaint. Strict enforcement is required unless good cause is shown for an exception or as otherwise required by law.**

**I. PROJECTED TRIAL DATE**

    All COUNTY COURT Civil cases are designated STREAMLINED CASES with a projected trial date of 360 days from the date of filing of the complaint.

    All CIRCUIT COURT Civil cases for which the complaint does not demand trial by jury are designated STREAMLINED CASES with a projected trial date of 360 days from the date of filing of the complaint.

    All CIRCUIT COURT Civil cases for which the complaint demands trial by jury are GENERAL CASES with a projected trial date of 540 days from the date of filing of the complaint.

    A change in the above designations may be made by the presiding judge on the judge's own initiative or upon motion of any party. Should any party assert that a civil case should be treated other than designated above, such party shall file a written motion requesting such change and the motion shall be expeditiously resolved by the

presiding Judge.

## II. Notice that Cause is at Issue and Firm Trial Date

The parties must file a Joint Notice that the Cause is at Issue no later than 15 days after the pleadings are closed. In the event of a dispute, either party may file a motion and request a hearing to determine if the cause is at issue.

Upon joint notice or judicial determination that the cause is at issue, the Court will schedule a Firm Trial Date consistent with the Projected Trial Date above unless either party requests a different date in their Notice that the Cause is at Issue. Should either party request a Firm Trial Date different than the Projected Trial Date, the Plaintiff shall expeditiously set a case management conference to determine the Firm Trial Date.

## III. Mandatory Deadlines for Streamlined Cases

If this case is designated as a STREAMLINED CASE, the following deadlines shall apply and, by directive of the Florida Supreme Court, must be strictly enforced unless good cause is shown for an exception or as otherwise required by law:

> 120 days after filing: Service of Complaints
> 150 days after filing: Service under any Extension of Time
> 180 days after filing: Adding New Parties
> 210 days after filing: Resolution of Objections to Pleadings and Motions to Dismiss
> 270 days after filing: Completion of Fact and Expert Discovery
> 270 days after filing: Resolution of Pretrial Motions, including Motions for Summary Judgment

## IV. Mandatory Deadlines for General Cases

If this case is designated as a GENERAL CASE, the following deadlines shall apply and, by directive of the Florida Supreme Court, must be strictly enforced unless good cause is shown for an exception or as otherwise required by law:

> 120 days after filing: Service of Complaints
> 180 days after filing: Service under any Extension of Time
> 210 days after filing: Adding New Parties
> 270 days after filing: Resolution of Objections to Pleadings and Motions to Dismiss
> 400 days after filing: Completion of Fact and Expert Discovery
> 450 days after filing: Resolution of Pretrial Motions, including Motions for Summary Judgment

## V. Mediation

All parties must mediate unless excused by court order for good cause shown or as otherwise required by law and in compliance with Rules of Civil Procedure 1.700 - 1.730.

## VI. Noncompliance

**By Order of the Florida Supreme Court, strict, good faith compliance with this Uniform Order for Active, Differential Civil Case Management is required unless good cause is shown for an exception or as otherwise required by law. These procedures and time standards do not supplant any existing rule, statute, or law.**

**Failure to appear at the pretrial conference or failure to comply with the terms of this order may result in such sanctions as are just and lawful including: an  immediate ex parte hearing and entry of final judgment of default or dismissal, limitation of witnesses or other evidence, striking of claims or defenses, or imposition of attorney fees or costs.**

## VII. Hearings by Audio-Video Technology

During the COVID-19 Public Health Emergency, all hearings other than jury selection and trial shall be conducted consistent with Florida Supreme Court andSecond Circuit Administrative Order by audio-video technology. Each judge isresponsible to establish the process for such audio-video technology hearings bynotice of hearing including technology access.After the conclusion of the COVID-19 Public Health Emergency all hearings otherthan jury selection and trial may be conducted by audio-video technology. Eachjudge is responsible to establish the process for such audio-video technologyhearings by notice of hearing including technology access.

Friday, August 27, 2021
J LAYNE SMITH CIRCUIT JUDGE

**J LAYNE SMITH**
Circuit Judge

## SUPPLEMENT TO CIVIL CASE MANAGEMENT ORDER

If, at the time the Uniform Order For Active Differential Civil Case Management ("Order") is filed, service on the Defendant(s) has already been made or process provided to a process server, the Plaintiff may comply with the second (in bold) paragraph of the Order by promptly providing a copy of the Order to the Defendant(s) by U.S. Mail or by Electronic Mail. The Plaintiff shall then file a certificate of service documenting that this Order has been provided to the Defendant(s) in this manner.

**IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT
IN AND FOR LEON COUNTY, FLORIDA**

**MICHELE VUOLO,**

     **Plaintiff,**

**v.**                              **CASE NO.: 2021-CA-001484**

**MHM HEALTH PROFESSIONALS LLC
d/b/a CENTURION HEALTHCARE,**

     **Defendant.**
_____/

**NOTICE OF APPEARANCE AND DESIGNATION
OF PRIMARY AND SECONDARY E-MAIL ADDRESSES**

    The undersigned, **Adam Ellis**, now appears as additional counsel of record for Plaintiff. Pursuant to Florida Rule of Judicial Administration 2.516(b)(1)(A), hereby designates his primary and secondary e-mail addresses and requests that order, process, pleadings, and other documents filed and served in this matter be served on him at the following addresses listed below. Where service of hard copies is to be made in addition to the e-mail service, counsel requests that the copies be served on him at the physical address listed below.

    Primary E-Mail Address:    adam@mattoxlaw.com

    Secondary E-Mail Address:  michelle2@mattoxlaw.com (for scheduling matters)
                          jervonie@mattoxlaw.com

                       Respectfully submitted,

                       /s/ Adam Ellis_____
                       Adam Ellis; FBN: 35628
                       MARIE A. MATTOX, P.A.
                       203 N Gadsden Street
                       Tallahassee, Florida 32301
                       Telephone: (850) 383-4800
                       **Attorney for Plaintiff**

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that a true copy of the foregoing has been served via electronic filing through the Florida Courts E-Filing Portal on this 1st day of September 2021 to all counsel on record.


<u>/s/ Adam Ellis</u>
Adam Ellis

# RETURN OF SERVICE

CASE #2021-CA-~~000112~~ **001484**

10/25/2021

PLAINTIFF
**MICHELE VUOLO**
VS
DEFENDANT
**MHM HEALTH PROFESSIONALS, LLC D/B/A CENTURION HEALTHCARE**

ATTORNEY: MARIE A. MATTOX ESQ
FIRM: MARIE A. MATTOX, P.A.

TO:  **MHM HEALTH PROFESSIONALS, LLC D/B/A CENTURION HEALTHCARE**
     **C/O  CT CORPORATION SYSTEM**
     **1200 SOUTH PINE ISLAND ROAD**
     **PLANTATION FL  33324**

We. received this: **SUMMONS / UNIFORM ORDER FOR ACTIVE, DIFFERENTIAL CIVIL CASE MANAGEMENT / COMPLAINT** On: **10/25/2021**   At: **7:24 AM**

This process was served to the above named Corporation/Sole Proprietorship or Individual named, by delivering a true copy of the: **SUMMONS / UNIFORM ORDER FOR ACTIVE, DIFFERENTIAL CIVIL CASE MANAGEMENT / COMPLAINT**

Type of service is:   **CORPORATE**
Accepted By: **CT CORPORATION SYSTEM (CONTACT DONNA MOCH)**  Title:  **MANAGER**
On: **10/25/2021**    At: **12:00 PM**
Comments:

Affiant states upon information and belief that said person is not in the Military Service of the United States as the term defined in either the state or Federal Statues.

I certify that I am of legal age, I have no interest in the above action and I am authorized to serve this process. FS 92.525. Under penalities of perjury, I declare that I have read the forgoing (Document) and that the facts in it are true.

**MARLON MCKIE**
SPECIAL PROCESS SERVER # 1369
BROWARD COUNTY, FLORIDA

PROCESS AND RECOVERY SERVICES, INC
3603 MONMOUTH CT.
TALLAHASSEE FL 32308

Our Control # **22870**