IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MICHELE VUOLO,

    Plaintiff,

v.

MHM HEALTH PROFESSIONALS, LLC d/b/a CENTURION HEALTHCARE, Defendant.

CIVIL ACTION NO.

4:21-CV-00473-AW-MAF

**DEFENDANT'S MOTION TO DETERMINE ENTITLEMENT
TO FEES AND INCORPORATED MEMORANDUM OF LAW**

Defendant MHM HEALTH PROFESSIONALS, LLC ("Defendant" or "MHMHP")[1] hereby, pursuant to Federal Rule of Civil Procedure 54 and Local Rules 7.1 and 54.1, moves for determination of entitlement to attorneys' fees under Florida Statute §448.104 pursuant to the Court's May 24, 2022, Order Granting Motion to Dismiss, which dismissed Plaintiff Michele Vuolo's ("Plaintiff") Second Amended Complaint ("SAC") with prejudice . (ECF 28). In support of this Motion, Defendant states:

    1.    On August 22, 2021, Plaintiff filed her Complaint in the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida, alleging she was terminated in violation of the Florida Private Whistleblower Act ("FWA"). (ECF 1, Ex. A),

---

[1] MHMHP does not do business as Centurion Healthcare and is not related to any entity called "Centurion Healthcare."

1

2.      Defendant removed the matter to this Court on November 23, 2021, based on diversity jurisdiction pursuant to 28 U.S.C. §§1332, 1441, and 1446.

3.      On November 30, 2021, MHMHP moved to dismiss Plaintiff's Complaint. (ECF 4). Plaintiff thereafter amended her Complaint, filing a First Amended Complaint ("FAC") on December 14, 2021. (ECF 6).

4.      MHMHP filed its motion to dismiss the FAC on December 28, 2021. (ECF 10). Plaintiff responded in opposition on January 13, 2022. (ECF 15). This Court granted MHMHP's motion to dismiss on January 25, 2022, for failure to state a claim but allowed Plaintiff leave to amend her complaint, noting that to avoid dismissal, Plaintiff's Complaint had to allege facts to show each element of her claim is plausibly satisfied—in other words "how it is plausible [Defendant] violated a particular law, rule, or regulation." (ECF 17).

5.      Plaintiff filed her SAC on February 4, 2022. (ECF 18).

6.      MHMHP moved for the third time to dismiss the SAC on February 18, 2022, for failure to state a claim. (ECF 19). Plaintiff opposed the motion. (ECF 23). After being granted leave to file a reply brief, MHMHP filed a reply in support of its motion to dismiss the SAC on March 11, 2022. (ECF 27).

7.      This Court granted MHMHP's motion to dismiss on May 24, 2022, with prejudice, and entered judgment against Plaintiff on that same date for failure to state a claim. (ECF 28-29).

8.  Pursuant to Section 448.104, Florida Statutes, the statute pursuant to which Plaintiff brought her claim, a "court may award reasonable attorney's fees, court costs, and expenses to the prevailing party." For the reasons set forth below, Defendant now moves the Court to award such reasonable attorney's fees to it as the prevailing party in this litigation.

## MEMORANDUM OF LAW

### I.   INTRODUCTION

Plaintiff filed three versions of her complaint trying to state a plausible claim for a single-count complaint under Florida's Whistleblower Act ("FWA") (ECF 1, 6. 18). Despite this, she never identified a law, rule, or regulation applicable to MHMHP to support her contention MHMHP violated the FWA. Because Plaintiff was unable to state a plausible FWA claim despite having three opportunities to do so, this Court dismissed her Complaint with prejudice and entered judgment against her. (EFF 28, 29). Because MHMHP seeks recovery of its costs and fees incurred in defending against Plaintiff's claim, it files the present motion seeking a determination of its entitlement to a fee award as instructed by the Court in its May 24, 2022 Order. (ECF 28). For the reasons set forth below, the FWA's prevailing party fee-shifting provision, in conjunction with applicable case law, weighs in favor of a finding Defendant is entitled to reasonable attorneys' fees as the prevailing party under the FWA.

## II.   ARGUMENT

"It is the general rule in this country that, unless Congress provides otherwise, parties are to bear their own attorney's fees." *Ellis v. All of My Sons Moving & Storage of Orlando, Inc.*, 2009 WL 2496626, *2 (M.D. Fla. Aug. 12, 2009). However, where statute allows that burden to be shifted, a party may petition the court for an award of fees as a prevailing party. Under the FWA, Florida Statute §448.104, a "court may award reasonable attorney's fees, court costs, and expenses to the prevailing party." This statute has been used by Florida state courts to grant defendants fees and costs at the motion to dismiss stage. *See Windle v. AlphaStaff, Inc.*, 2012 WL 3930052, *6 (Fla. 11th Cir. Ct. Sept. 5, 2012) (granting award of fees in conjunction with dismissal of plaintiff's amended FWA complaint, noting that plaintiff had two chances to state a claim under the FWA and had failed to do so).

Courts commonly look to five factors to determine the merits of imposing attorneys' fees:

> (1) the scope and history of the litigation, including whether the losing party continued to prolong the action despite the presence of an efficient resolution; (2) the parties' wealth disparity; (3) whether an award of fees would frustrate the [FWA's] remedial purpose by deterring worthy claimants; (4) whether the opposing party's case was meritorious or frivolous; and (5) whether the opposing party acted in good or bad faith.

*Kubiak v. S.W. Cowboy, Inc.*, 2017 WL 1080000 at *9 (M.D. Fla. Mar. 22, 2017). That said, although it is a factor in assessing entitlement to an attorneys' fee award,

4

a prevailing FWA defendant need not show a plaintiff's case was frivolous to receive awarded attorneys' fees. *Gamb v. Hilton Hotels Corp.*, 1997 WL 893874, *2 (M.D. Fla. Sept. 26, 1997), aff'd, 132 F.3d 46 (11th Cir. 1997); *Blanco v. TransAtlantic Bank*, 2009 WL 2834947, *3 (S.D. Fla. June 11, 2009); *New World Commc'ns of Tampa, Inc. v. Akre*, 866 So. 2d 1231, 1235 (Fla. 2d DCA 2003). Here, the majority of the considerations support an award of attorneys' fees here.

    **A.    The Scope and History of the Litigation Weighs in Favor of Awarding Defendant Attorneys' Fees.**

The scope and history of this case weights in favor of awarding MHMHP attorneys' fees. MHMHP has not filed merely a single motion to dismiss; rather, it has been required to file a total of three similar motions to dismiss with incorporated legal memoranda, two of which were contested and required the filing of motions for leave to file a reply and one of which required a reply brief. (ECF 4, 10, 15, 16, 19, 24, 27). In addition, Plaintiff served discovery when MHMHP's Motion to Dismiss Plaintiff's FAC was pending. After the Court granted MHMHP's Motion to Dismiss Plaintiff's FAC without prejudice, and after Plaintiff filed a third version of her Complaint, which MHMHP contended still failed to state a claim upon which relief could be granted, MHMHP asked the court to stay discovery pending the resolution of its Motion to Dismiss Plaintiff's SAC, so it did not incur costs of discovery if Plaintiff's SAC was dismissed by the Court. (ECF 20). Plaintiff opposed the Motion to Stay, which this Court ultimately granted. (ECF 21, 22, 25, 26).

Clearly, this case has not been a simple matter of filing a single motion and memorandum resulting in the dismissal of Plaintiff's claims. To the contrary, the litigation has been contentious and costly for MHMHP even before MHMHP was required to file an Answer in this matter.

### B. The Parties' Wealth Disparity Does Not Foreclose Defendant's Fees Argument.

While a wealth disparity is a consideration in whether to award attorneys' fees, that factor "standing alone, should not be the basis for denying attorneys' fees, since it would in most instances weigh against a prevailing defendant." *Hathaway v. Ramco-Gershenson, Inc.*, 2019 WL 4727712, *3 (S.D. Fla. July 23, 2019), report and recommendation adopted, 2019 WL 4727714 (S.D. Fla. Aug. 26, 2019); *see also Bush v. Raytheon Co.*, 2009 WL 5128040 at *2-*3 (M.D. Fla. Dec. 21, 2009) (noting that denying a company's attorneys' fees because of the disparity in wealth would make large corporations a target for frivolous suits by plaintiffs hoping to extract a settlement, and this factor does not preclude an award of fees for a company). Although MHMHP has no definite picture of Plaintiff's wealth, it should not detract from Plaintiff's bad faith litigation here to penalize MHMHP simply because of its corporate status and standing.

### C. An Award of Fees Would Not Frustrate the FWA's Remedial Purpose By Deterring Worthy Claimants.

"The whistleblower's statute establishes Florida's public policy in favor of

promoting the disclosure of wrongdoing and the protection of those who make such disclosure . . . . " *Bell v. Georgia-Pacific,* 2005 WL 1618223, *1 (M.D. Fla. July 6, 2005). While ordering a litigant to pay a large amount of attorneys' fees "could have an unwarranted 'chilling' affect" courts have found this possibility is unfounded for "*worthy*" claimants. *Bush v. Raytheon Co.*, 2009 WL 5128040 at *3. "In fact, awarding attorneys' fees . . . might actually promote the remedial purpose of the Whistleblower Act by discouraging meritless claims." *Id*. "Meritless claims undermine a remedial statute, just as one bad apple can spoil a barrel." *Id*. "When a plaintiff files a meritless claim, he undermines legitimate claims by clogging the courts, wasting private resources, and diminishing the importance of protecting bona fide whistle blowers." *Id*. (finding the company was entitled to reasonable attorneys' fees under § 448.104, Fla. Stat. as the prevailing party).

That is the case here. By filing a meritless claim, Plaintiff needlessly expended precious judicial resources, taxed MHMHP's resources, and diminished the importance of protecting actual whistleblowers. Moreover, the Florida legislature's enactment of a "prevailing party" standard is evidence itself the remedial purpose of the FWA is only one component of a multi-purpose statute – that is, the remedial purpose, as contemplated by the statute, can and should yield to a prevailing defendant's attorneys' fees when warranted, as it is here.

7

### D. The Court Should Award Defendant Attorneys' Fees Because Plaintiff's Case Was Frivolous.

The Court should exercise its discretion to award Defendant attorneys' fees because Plaintiff's FWA claim was frivolous. A plaintiff seeking to impose liability under the FWA must establish that "(1) [h]e engaged in statutorily protected expression; (2) [he] suffered an adverse employment action; and (3) the adverse employment action was causally linked to the statutorily protected activity." *White v. Purdue Pharma, Inc.*, 369 F. Supp. 2d 1335, 1336 (M.D. Fla. 2005). Plaintiff never stated a claim under the FWA because she never alleged facts to establish she engaged in statutorily protected activity, despite three attempts to do so.

Plaintiff's initial Complaint failed to allege MHMHP violated a law or that Plaintiff even believed that MHMHP violated a law, and therefore did not state a plausible claim under the FWA. (ECF 4). Plaintiff's FAC did not cure this defect and still failed to identify with any specificity a violation of a law, rule, or regulation allegedly violated by MHMHP as required under the FWA and Federal pleading standards. (ECF 17). Finally, Plaintiff failed to adequately plead protected activity for a third time in her SAC because she did not allege protected activity with respect to the provisions cited in her SAC, did not plausibly allege she objected to a violation of a law applicable to Defendant, and did not object to an actual violation of law, despite specific guidance from the Court for doing so. (ECF 28). Because she failed to allege she engaged in protected activity under the FWA after taking three bites at

8

the apple, it is safe to say that Plaintiff's claims were frivolous.

## III.   CONCLUSION

Based on the foregoing facts and law, Defendant respectfully requests this Honorable Court find Defendant is entitled to attorney's fees as the prevailing party under the FWA.

## WORD LIMIT CERTIFICATION

Pursuant to Local Rule 7.1(F), this Reply in Support of Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint contains 2,156 words.

## CERTIFICATE OF ATTORNEY CONFERENCE

Pursuant to Local Rule 7.1(B) and (C), on June 3, 2022, and June 7, 2022, the undersigned emailed opposing counsel and his office multiple times (as opposing counsel's email stated he was out of the office) regarding the relief sought in this Motion, and at the time of filing, the undersigned had not received a response from opposing counsel. Therefore, the undersigned assumes opposing counsel does not consent to the relief sought in this Motion.

Dated: June 7, 2022

Respectfully submitted,

*/s/ Natalie J. Storch*
Kimberly J. Doud
Florida Bar No. 0523771
kdoud@littler.com
Natalie J. Storch
Florida Bar No.
njstorch@littler.com

LITTLER MENDELSON P.C.
111 North Orange Avenue
Suite 1750
Orlando, FL 32801.2366
Telephone:   407.393.2900
Facsimile:   407.393.2929

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of June, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and a correct copy of the foregoing has been furnished electronic mail to:. Marie A. Mattox, Esquire, and Adam Ellis, Esquire, Marie A. Mattox, PA, 203 North Gadsden Street, Tallahassee, FL 32301 – email: marie@mattoxlaw.com; adam@mattoxlaw.com; marlene@mattoxlaw.com and michelle@mattoxlaw.com.

*/s/ Natalie J. Storch*
Natalie J. Storch

4892-1819-7795.2 / 108840-1060