# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**MICHELLE VUOLO,**

    Plaintiff,

v.                       **CASE NO.: 4:21cv473-AW/GRJ**

**MHM HEALTH PROFESSIONALS, LLC,**

    Defendant.

_____/

## NOTICE OF APPEAL

NOTICE is hereby given that Plaintiff in the above-named case, MICHELLE VUOLO, hereby appeals to the United States Court of Appeals for the Eleventh Circuit from the Order granting the Defendant's Motion to Dismiss, entered on the docket in this action on May 24, 2022, a copy of which is attached as Exhibit "A".

                                   Respectfully submitted,

                                   <u>s/ Marie A. Mattox</u>
                                   Marie A. Mattox [FBN 0739685]
                                   MARIE A. MATTOX, P.A.
                                   Marie A. Mattox, P.A.
                                   203 North Gadsden Street
                                   Tallahassee, Florida 32301
                                   Telephone:  (850) 383-4800
                                   Facsimile:  (850) 383-4801
                                   ATTORNEY FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been furnished by CM/ECF to all counsel of record this 17th day of June, 2022.

/s/ Marie A. Mattox
Marie A. Mattox

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**MICHELE VUOLO,**

    **Plaintiff,**

**v.**     Case No. 4:21-cv-473-AW-MAF

**MHM HEALTH PROFESSIONALS LLC,**

    **Defendant.**

_____/

## ORDER GRANTING MOTION TO DISMISS

This is a private whistleblower action under Florida law. Plaintiff Michele Vuolo repleaded after I dismissed her First Amended Complaint for failure to state a claim. ECF Nos. 17, 18. Defendant MHM Health Professionals LLC again moves to dismiss on the same grounds. ECF No. 19. Because Vuolo failed to cure the deficiencies identified before, I now dismiss her complaint with prejudice.

As before, to avoid dismissal, Vuolo's complaint had to allege facts that "plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). And, as before, to state a claim under Florida Statute § 448.102(3), Vuolo had to allege (1) statutorily protected activity; (2) an adverse employment action; and (3) a causal link between the two. *Aery v. Wallace Lincoln-Mercury, LLC*, 118 So. 3d 904, 916 (Fla. 4th DCA 2013) (citation omitted). Protected activity is objecting to or refusing to participate in an employer's activity, policy, or practice

1

that violates a "law, rule, or regulation." *See* § 448.102(3). And "law, rule, or regulation" means "any statute or ordinance or any rule or regulation . . . applicable to the employer and pertaining to the business." § 448.101(4).

Vuolo alleges two protected activities: (1) reporting MHM's failure to react to the reported risk of a transgender patient's assault; and (2) objecting to another nurse's modifying a patient's antibiotic regimen. ECF No. 18 (SAC) ¶¶ 10-16, 18-22. She connects these to MHM's alleged violation of eight provisions under the Prison Rape Elimination Act (PREA), 34 U.S.C. §§ 30301 *et seq.* (implemented via 28 C.F.R. Part 115), and Florida's Nurse Practice Act (NPA), Fla. Stat. §§ 464.001 *et seq.*

First, Vuolo cites §§ 464.002 and 464.0095(17) of the NPA. SAC ¶¶ 20, 22. But neither imposes obligations—let alone obligations applicable to MHM. Section 464.002 expresses the NPA's legislative purpose, and § 464.0095(17) is definitional. Neither could plausibly be violated by MHM, so Vuolo has not alleged protected activity with respect to these provisions.

Four of the PREA regulations she cites (*see* SAC ¶¶ 11-12, 16) are similarly inapposite. Section 115.61(c) requires practitioners to report sexual abuse. 28 C.F.R. § 115.61(c). But Vuolo alleges no facts suggesting that MHM is a practitioner (defined as a medical or mental "health professional . . . permitted by law to evaluate and care for patients," § 115.5). Further, to the extent § 115.61(c) incorporates

2

subsection (a)'s mandate that an agency require its staff to report sexual abuse or harassment, that duty isn't implicated by Vuolo's allegations (which concern MHM's failure to satisfy some *after*-reporting duty). The same is true of the duties created by 28 C.F.R. §§ 115.11(a), 115.41(d), and 115.67(a). *Cf.* § 115.11(a) (requiring written zero-tolerance sexual abuse and harassment policy); § 115.41(d) (cataloging inmate sexual victimization or abusiveness risk factors to be considered when screening individuals at intake); § 115.67(a) (requiring agency to implement policy, and designate personnel, to guard against retaliation against those reporting sexual abuse or harassment). So Vuolo has not alleged protected activity with respect to these provisions.

That leaves the remaining two PREA provisions Vuolo cites: 28 C.F.R. §§ 115.22(a) and 115.62. SAC ¶ 13. Section 115.22(a) requires an agency—defined as an entity "with direct responsibility for the operation of any facility that confines inmates . . . including the implementation of policy," § 115.5—to "ensure that an . . . investigation is completed for all allegations of sexual abuse and sexual harassment." And § 115.62 requires an agency to "take immediate action" when it learns an inmate is at "substantial risk of imminent sexual abuse." Vuolo alleges that she reported MHM's "failure to act" after she both told her supervisor a transgender patient was "threatened with" and "at risk of being raped" and "reported sexual harassment of

3

the transgendered inmate" as well as "a real, credible threat of rape." SAC ¶¶ 10, 14-16.

If MHM is an "agency" under the law, her allegations—taken as true—plausibly assert she objected to a violation of these PREA provisions. The problem is that Vuolo hasn't alleged that MHM *is* an "agency." Nor has she alleged facts supporting that conclusion. All she alleged about MHM as an entity is (1) that it is organized under Florida law and (2) that it was her employer. *Id.* ¶ 4. She alleges nothing about its role or responsibilities at the facility where she worked, or about its relationship to the Florida Department of Corrections (DOC). In short, she provides no basis for inferring that MHM meets PREA's definition of agency (that is, that it had direct responsibility for or implemented policy at Vuolo's facility).

Vuolo says in her brief that her "preliminary information gather[ing]" revealed that MHM is "an affiliate or subsidiary" of an entity providing healthcare at certain DOC facilities under a contract obligating it to comply with PREA. ECF No. 23 at 4. This does not help. First, she did not *plead* any of these asserted facts—and, at this stage, the court considers only the pleadings and their attachments. Further, Vuolo cites no authority suggesting that a contractual relationship alone would suffice to make MHM an agency for PREA purposes.[1]

---

[1] Notably, PREA separately defines "agency" and "contractor," 28 C.F.R. § 115.5, and contains provisions imposing duties on an agency vis-à-vis its

In short, Vuolo has not pleaded facts plausibly establishing that MHM is an agency under PREA—meaning she has not plausibly alleged that she objected to a violation of a law applicable to MHM.

That does not end the matter because, in Vuolo's view, it doesn't matter whether MHM's conduct *actually* violated PREA or the NPA, as long as she had a good faith, objectively reasonable belief it did. *See* ECF No. 23 at 8-16. Florida's Fourth DCA has indeed held that an employee need only "have a good faith, objectively reasonable belief that h[is] activity is protected by the statute." *Aery*, 118 So. 3d at 916 (quoting *Luna v. Walgreen Co.*, 575 F. Supp. 2d 1326, 1343 (S.D. Fla. 2008)). But I conclude that is not Florida law.

When the Florida Supreme Court hasn't spoken on a state-law issue, this court generally "must adhere to the decisions of the state's intermediate appellate courts." *Flintkote Co. v. Dravo Corp.*, 678 F.2d 942, 945 (11th Cir. 1982) (citing *West v. Am. Tel. & Tel.*, 311 U.S. 223 (1940)). But this is not the case if "there is some persuasive indication that the state's highest court would decide the issue otherwise." *Id*. Here, there is such a persuasive indication.

---

contractors, *e.g.*, § 115.12(a) (requiring agency to include PREA compliance in contracts with other entities confining inmates); § 115.17 (requiring contractor background checks and limiting hiring of contractor with criminal record or history of sexual abuse or harassment); § 115.32 (requiring agency to train contractors on preventing, detecting, and responding to sexual abuse and harassment). I also note the word "contractor" is absent from the provisions Vuolo cites to support her claim.

5

First, *Aery* relied entirely on *Luna*, a federal district court case that applied Title VII standards to a Florida private whistleblower claim. That district court, in turn, relied on an Eleventh Circuit decision approving—in the absence of contrary state-court precedent—use of the Title VII burden-shifting framework and "substantial factor" test to analyze *causation*. *See Luna*, 575 F. Supp. 2d at 1342 n.13 (citing *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 950 (11th Cir. 2000) ("In the absence of any guiding case law, the district court correctly applied the analysis used in Title VII retaliation cases.")). But none of the three cases—*Aery*, *Luna*, or *Sierminski*—analyzed whether Title VII standards should govern the *protected activity* prong too.

More importantly, as the Second DCA has observed (albeit in dicta), § 448.102(3) "is plainly worded as requiring the plaintiff to prove conduct that is *in violation* of the law." *Kearns v. Farmer Acquisition Co.*, 157 So. 3d 458, 463-64 (Fla. 2d DCA 2015) (declining to liberally construe plain and unambiguous text). This is particularly clear when contrasting the text with Florida's other whistleblower provisions.

> Section 448.102(3) . . . applies when an employee "[o]bjected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation." In contrast, subsection (2) of the same statute specifically applies when an employee provides information to "any appropriate governmental agency, person, or entity conducting an investigation, hearing, or inquiry into an *alleged violation* of a law, rule, or regulation by the employer." § 448.102(2) (emphasis added). And Florida's *public*

6

> whistleblower's act specifically provides that the nature of the information disclosed must include "[a]ny violation or *suspected violation* of any federal, state, or local law, rule, or regulation." § 112.3187(5)(a), Fla. Stat. (2014) (emphasis added). Thus, in both the private and public whistleblower's acts the Florida Legislature has indicated when an alleged or suspected violation of law is sufficient as opposed to an actual violation of law.

*Id.* at 464-65. This plain-language reading is also consistent with Florida Supreme Court cases characterizing § 448.102(3)-protected activity.[2] *Id.* at 464; *see also Arrow Air, Inc. v. Walsh*, 645 So. 2d 422, 423 (Fla. 1994) ("The private sector Whistle–Blower's Act . . . prohibits [retaliation] against employees who 'blow the whistle' on *employers who violate the law* or against employees who refuse to participate in *violations* of the law." (emphasis added)); *Golf Channel v. Jenkins*, 752 So. 2d 561, 562 (Fla. 2000) (noting statute is "designed 'to protect private employees who report or refuse to assist *employers who violate laws*'" (quoting *Arrow Air*, 645 So. 2d at 424) (emphasis added)).

---

[2] *Kearns* found it makes sense from a policy perspective too. *See* 157 So. 3d at 465 ("[T]he expanded reading of the statute Plaintiff proposes would place an onerous burden on the employer to anticipate all of its conduct that an employee may reasonably believe is proscribed by a law, rule or regulation. Even if the employer knows the conduct is perfectly legitimate, it would be left with the Hobson's choice of terminating the employee and defending suit against the employee's reasonable belief or allow[ing] the employee to refuse to meet the requirements of the job with no consequence. In apparent recognition of this dilemma the legislature declined to include in the relevant section of the Act this protection for employees." (quoting *White v. Purdue Pharma, Inc.*, 369 F. Supp. 2d 1335, 1338-39 (M.D. Fla. 2005))).

7

For these reasons, I conclude—as have other courts—that I'm not bound to apply *Aery*.³ *See, e.g.*, *Obukwelu v. Tallahassee Mem'l Healthcare, Inc.*, 2015 WL 11110552, at *2-3 (N.D. Fla. June 25, 2015) (Walker, J.); *Scott v. Advanced Pharm. Consultants, Inc.*, -- F. Supp. 3d --, 2021 WL 5830037, at *4 (N.D. Fla. Nov. 4, 2021) (Hinkle, J.); *cf. also White v. Purdue Pharma, Inc.*, 369 F. Supp. 2d 1335, 1338-39 (M.D. Fla. 2005) (Scriven, J.) (concluding, before *Aery*, that FWA's definition of protected activity could not be derived from Title VII).

Because Vuolo has not alleged that she objected to an actual violation of law—and because I conclude that her asserted good faith, objectively reasonable belief is insufficient—Vuolo has not adequately pleaded protected activity. She has therefore again failed to state a claim under § 448.102(3). So I need not reach MHM's assertion that the manager rule would separately bar Vuolo's claim. *Cf.* ECF No. 19 at 12-15.

Finally, MHM requests an award of costs and attorney's fees. To recover, MHM must file a verified bill of costs within 14 days of entry of judgment. N.D. Fla. Loc. R. 54.2(A). MHM may also file a motion seeking a determination of its

---

³ Incidentally, the Fourth DCA has suggested it's open to reconsidering *Aery* in light of *Kearns* when squarely presented with the issue. *See Usher v. Nipro Diabetes Sys., Inc.*, 184 So. 3d 1260, 1262 (Fla. 4th DCA 2016) (Gross, J., concurring) (noting *Kearns*'s "thoughtful analysis"); *cf. also LE Publ'ns, Inc. v. Kohl*, 298 So. 3d 642, 646-47 (Fla. 4th DCA 2020) (declining to reconsider *Aery* where argument was waived).

8

Case 4:21-cv-00473-AW-MAF Document 28 Filed 05/24/22 Page 9 of 9

entitlement to a fee award within 14 days of entry of judgment. N.D. Fla. Loc. R. 54.1.

## CONCLUSION

MHM's motion to dismiss (ECF No. 19) is GRANTED, and Vuolo's Second Amended Complaint (ECF No. 18) is DISMISSED. The clerk will enter judgment that says, "This case is dismissed with prejudice for failure to state a claim." The clerk will then close the file.

SO ORDERED on May 24, 2022.

s/ <i>Allen Winsor</i><br>
United States District Judge